IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FRANCISCO ALVARADO                                          PETITIONER
Reg. #83766-509

V.                          No. 2:25-cv-00256-BSM-ERE

CHAD HUMPHREY, Warden
Forrest City Correction Institution                         RESPONDENT

<u>RECOMMENDED DISPOSITION</u>

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections to all or part of this RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

I.      Overview

Petitioner Francisco Alvarado, an inmate at the Forrest City Low Federal Correctional Institution, filed a 28 U.S.C. § 2241 habeas petition arguing that the Bureau of Prisons ("BOP") is erroneously refusing "to award" First Step Act ("FSA") earned time credits ("ETCs") for the 944 days he spent "in continuous federal pretrial custody" before he was sentenced. *Docs. 1, 3*.

Respondent contends that Mr. Alvarado failed to exhaust his administrative remedies and, even if he had, his claim is meritless. *Doc. 6*.

Mr. Alvarado filed a reply and supplements. *Docs. 8, 9, 10, 11*.

## II.     Discussion

Exhaustion issues aside,[1] Mr. Alvarado's petition is meritless.

On January 27, 2022, Mr. Alvarado was arrested, taken into U.S. Marshals custody, and charged in the United States District Court for the Western District of Texas with conspiracy to possess with intent to distribute cocaine. *Docs. 1 at 2-3, 6-1.* On August 28, 2024, following an earlier guilty plea, he was sentenced to 120 months in the BOP. *Id.* On October 17, 2024, Mr. Alvarado arrived at the designated facility to commence serving his sentence. *Doc. 1 at 3.*

From his January 27, 2022 arrest until his August 28, 2024 sentencing, Mr. Alvarado spent 944 days in pretrial/presentence, U.S. Marshals custody. He argues that the BOP has "refused to award [him] any FSA time credits for the 944 days of pretrial custody." *Docs. 1 at 5, 3.* Mr. Alvarado asserts that, because the BOP credited him with 944 days of "presentence jail credit" under 18 U.S.C. § 3585(b), it should "award and apply" ETCs for this same period. *Doc. 1 at 2, 15.*

---

[1] Respondent raised Mr. Alvarado's failure to exhaust, and it is undisputed that he did not even initiate the grievance process. See *Doc. 6-3 at 3.* A federal inmate normally must exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). However, because this judicially created exhaustion requirement is neither mandated by statute nor a jurisdictional prerequisite, courts may excuse compliance when doing so would be futile. *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006) (discussing exhaustion as a court-imposed requirement that is subject to judicially-crafted exceptions, including futility). Because resolution of the issue raised in the petition is based on a plain reading of the relevant statutes, I will consider the merits without requiring exhaustion.

Mr. Alvarado's argument ignores the fact that the FSA relies specifically on 18 U.S.C. § 3585(a), not 18 U.S.C. § 3585(b),[2] to determine an inmate's potential eligibility to start earning ETCs. The FSA provides: "A prisoner may not earn time credits . . . during official detention prior to the date that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). Under § 3585(a), a sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Eligibility to earn ETCs is more limited than eligibility for time-served credit for time in custody before sentencing. By statute, a prisoner may not earn ETCs before he is sentenced.

Mr. Alvarado's argument that the BOP should "award and apply" ETCs "for the 944-days period he spent in pretrial custody" is foreclosed by the plain language of the FSA. Although Mr. Alvarado can (and did) earn time-served credit under 18 U.S.C. § 3585(b) toward the completion of his sentence while in pretrial/presentence custody, he is explicitly precluded from earning ETCs before sentencing. 18 U.S.C.

---

[2] Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed."

§ 3632(d)(4)(B)(ii); 18 U.S.C. § 3585(a). Mr. Alvarado's request for ETCs before his August 28, 2024 sentencing has no merit and should be denied.[3]

## III.    Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Francisco Alvarado petition for writ of habeas corpus (*Doc. 1*) be dismissed, with prejudice.

Dated 25 February 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Despite extensive briefing (over 180 pages), Mr. Alvarado makes only a passing reference in his reply memorandum to the potential to earn ETCs "from August 28, 2024 (sentence commencement)" to arrival at the designated facility. *Doc. 9 at 7*. This issue, which was not included in the petition or developed in the briefing, has not been addressed. *In re Vera T. Welte Testamentary Tr.,* 96 F.4th 1034, 1039 (8th Cir. 2024) (holding that a court is "not obliged to consider this perfunctorily raised, undeveloped argument"); *Bosch v. Thurman*, No. 4:22-CV-00677-LPR, 2024 WL 841252, at *16 (E.D. Ark. Feb. 28, 2024) (noting that "undeveloped arguments are waived just like completely omitted arguments are"); *Viking Supply v. Nat'l Cart Co.*, 310 F.3d 1092, 1099 (8th Cir. 2002) (declining to "consider issues raised for the first time in a reply brief").

Even assuming this issue was properly before the Court, whether Mr. Alvarado was eligible to earn or did earn ETCs after "August 28, 2024 (sentence commencement)" that the BOP should "award and apply" toward his sentence are issues that arguably should be developed through exhaustion of available administrative remedies and full briefing before being addressed by a court.